# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

KENNETH R. PARSONS,

    Plaintiff,

v.                                           Case No. 3:19-cv-950-J-32MCR

THE COMMISSIONER OF THE
INTERNAL REVENUE SERVICE, et al.,

    Defendants.

_____

## **O R D E R**

Pro se plaintiff filed this suit against the Commissioner of the Internal Revenue Service and four unknown individual employees of the IRS seeking monetary damages in an amount of at least $1,000,000.00, declaratory and injunctive relief. See Doc. 1. On October 18, 2019, the Commissioner filed a motion to dismiss, which it served on plaintiff by U.S. mail. See Doc. 4. On November 19, 2019, when plaintiff had failed to timely respond to the motion, the Court issued an Order sua sponte giving him an extension until December 9, 2019 to respond, and warning him that his failure to respond would result in the Court treating the motion to dismiss as unopposed, which could result in the dismissal of his case. See Doc. 5. The Clerk mailed a copy of this Order to plaintiff. Plaintiff failed to file anything in response and the Court therefore

treats the Commissioner's motion to dismiss as unopposed.[1]

Federal courts are courts of limited jurisdiction, and in accordance with Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss claims over which it has no subject matter jurisdiction. The Court has no subject matter jurisdiction to issue any declaratory or injunctive relief for the purpose of restraining the assessment or collection of taxes and those claims are therefore dismissed without prejudice.[2] See 26 U.S.C. § 7421; Hempel v. United States, 14 F.3d 572, 573 (11th Cir. 1994); Taliaferro v. Freeman, 595 F. App'x 961, 962 (11th Cir. 2014).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal if it fails to state a claim. In making this evaluation, the Court accepts all of plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012). Plaintiff seeks to assert constitutional and tort claims for damages which, in other circumstances, might be available under Bivens v. Six Unknown

---

[1] Although plaintiff's complaint states he is suing the four IRS employees in their individual capacities (see Doc. 1 at ¶¶ 4-7), there are no allegations to support that and the Court therefore treats his claims as being against them in their official capacities. The arguments raised in the Commissioner's motion to dismiss apply to them as well.

[2] While there are some statutory exceptions, plaintiff has not argued for any of them, and there are no allegations on the face of his complaint which suggest any might apply. See 26 U.S.C. § 7421.

Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 1346. However, the exclusive remedy for tax collection activity is set forth in 26 U.S.C. § 7433.[3] See Al-Sharif v. United States, 296 F. App'x 740, 741-42 (11th Cir. 2008). Plaintiff has failed to plead allegations to bring his claims within the relief that may be accorded by 26 U.S.C. § 7433, and even if he had, he has failed to demonstrate that he first complied with and exhausted the statutory administrative prerequisites to bring such a claim. See Galvez v. IRS, 448 F. App'x 880, 886 (11th Cir. 2011). Plaintiff's damages claims are therefore due to be dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[4]

Accordingly, it is hereby

**ORDERED**:

1. The Commissioner's Motion to Dismiss (Doc. 4), which the Court treats as unopposed, is **GRANTED**.

---

[3] Here too, plaintiff has not argued that any exceptions apply and there are no allegations on the face of his complaint which suggest that any do.

[4] The Court need not suggest that plaintiff seek leave to amend his complaint because he has already been advised that the Court would treat defendant's motion as unopposed if he failed to respond to it. Moreover, defendant raised several other arguments supporting dismissal (also deemed unopposed) that the Court has not even addressed, but which would likely make any effort to amend futile. The Court takes no position on whether administrative remedies remain available to plaintiff and recognizes that this dismissal may be deemed to be with prejudice if they do not.

2. Plaintiff's claims for declaratory and injunctive relief are dismissed without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1), and plaintiff's claims for damages are dismissed without prejudice under Rule 12(b)(6) for failure to state a claim.

3. The Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of December, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record
Pro se plaintiff